**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SCOTT ALLAN JOHNSON
Inmate # V42057,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No. 4:20-CV-00579-WS-MAF**

**Lt. J. SHULLER,
et al.,**

    **Defendants.**
_____/

## **ORDER**

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner proceeding *pro se*, initiated this case pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court granted Plaintiff leave to proceed *in forma pauperis*. ECF No. 4. For the reasons stated below, the case should be dismissed without prejudice for Plaintiff's failure to prosecute his case, failure to comply with court orders, and because Defendants have not been served within 90 days of the filing of the amended complaint.

**I.   Relevant Procedural History**

Plaintiff initiated this case on December 16, 2020, against several "John Does" followed by an amended complaint naming Defendants Schuller, Lyons, and Mercer. ECF Nos. 1, 6. The Court received Plaintiff's

amended complaint on February 22, 2021.[1] ECF No. 6. The Court screened the complaint as required by 28 U.S.C. § 1915(e)(2) and determined that service of the amended complaint was appropriate. ECF No. 7. The Court directed Plaintiff to submit three copies of the amended complaint by March 23, 2021, so that service could be accomplished by the United States Marshals Service. Id. The Court warned that failure to do so would result in a recommendation of dismissal of this action pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. Id.  Plaintiff filed for an extension of time, which the Court granted twice, ultimately, giving him until **May 17, 2021**, to file the required copies. ECF Nos. 9, 10, 11. In both orders granting extensions, the Court warned Plaintiff's failure to comply would result in dismissal. ECF No. 10, 11. More importantly, the Court advised that Fed. R. Civ. P. 4(m) requires that service be accomplished within 90 days after the filing of the complaint. To date, more than 90 days have passed since Plaintiff filed his amended complaint; and no defendants have been served in this case due to Plaintiff's failure to comply with the Court's orders.

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed. R. App. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.").

## II. Discussion

A. <u>Time Limit for Service, Fed. R. Civ. P. 4(m)</u>

Service of process in the federal courts is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(c)(1) provides, in relevant part:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Service must be conducted within 90 days after the complaint is filed pursuant to Fed. R. Civ. P. 4(m) unless "the plaintiff shows good cause for the failure." Alternatively, the court may exercise discretion and extend the time for service even absent a showing of good cause. <u>Horenkamp v. Van Winkle & Co</u>., 402 F.3d 1129, 1132 (11th Cir. 2005). "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" <u>Lepone-Dempsey v. Carroll County Comm'rs</u>, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted).

Here, Plaintiff was required to provide the Court with copies of his complaint no later than **May 17, 2021**, so that Defendants could be served. Plaintiff failed to do so; and more than 90 days have passed since the filling of his amended complaint. Therefore, dismissal is appropriate.

B. <u>Failure to Comply with Court Orders</u>

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting <u>Chambers v. NASCO, Inc</u>., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). <u>Id</u>.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." <u>Goforth v. Owens</u>, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. <u>Gratton v. Great American Communications</u>, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which has not been served upon Defendants and where Plaintiff has failed to respond to the Court's orders to provide copies for service despite the warning that dismissal would be warranted. ECF Nos. 10, 11.

### III.  Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice for failure to comply with court orders

pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1, for failure to properly serve Defendants pursuant to Fed. R. Civ. P. 4(m), and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida on May 25, 2021.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).